ALGEIER WOODRUFF, P.C.
60 Washington Street
Morristown, NJ 07960
(973) 539-2600
Attorneys for Plaintiffs

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 AUG -1  A 11: 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN POWERS, DANIEL SAVAGE, DAVE ZURAWSKI, ROBERT LARRISON, WILLIAM HURLEY, DEAN TEXTOR, MIKE TEXTOR, TODD VERRECCHIA, VINCENT O'ROURKE, WALTER POMPHREY, SERGE RIDOUX, ERIK ERTLE, JOHN BROCKRIEDE, WILLIAM CONNELLAN, FRANK LANCELLOTTI, STEPHEN RYDINSKY, HENRY PASQUILINI, MIKE CAMPANA, ERIC OLSEN, ROBERT BRICE, TODD CZECH, CHRISTOPHER SCERBO, TODD KAZANOWSKI, DANIEL DONLON, MIKE TOZER, FRANK GRECO, TOM DOWD, DOUG BORST, MICHAEL STEITZ, CHRISTOPHER LISWESKI, EDWARD LISTER, DANIEL MASON, ELIO SCARPA, SEAN O'HALLORAN, PAUL MABIN, TOM LASKO, BRIAN MANSFIELD, SCOTT FIFIELD, MIKE MALONE, JASON LAMB, EMMETT IDZAHL, SURESH MADHAVAN, STEVE NASH, IAN HATCH, FRANK KUHL, CHRIS GALLAGHER, JUSTIN HUDSON, GREGORY R. CARPINO, STEVE DES MARIAS, JAMES D. MILTON, KEVIN R. PRESSEY, NICHOLAS CURCIO, RYAN FORREST, KELLY ROGERS and JOHN CLAYTON,<br>            Plaintiffs,<br>    v.<br><br>TOWNSHIP OF WALL, WALL TOWNSHIP POLICE DEPARTMENT and FRANCIS ROY HALL, Chief of Police of Wall Township Police Department individually and in his capacity as Chief of Police,<br><br>            Defendants. | Civil Action No.: 05-3832 (MLC)<br><br>**COMPLAINT AND JURY DEMAND** |

## **PARTIES**

1. Plaintiff, Stephen Powers is a citizen of the United States residing in Wall, New Jersey.

2. Plaintiff, Daniel Savage is a citizen of the United States residing in Jackson, New Jersey.

3. Plaintiff, Dave Zurawski is a citizen of the United States residing in Wall, New Jersey.

4. Plaintiff, Robert Larrison is a citizen of the United States residing in Wall, New Jersey.

5. Plaintiff, William Hurley is a citizen of the United States residing in Howell, New Jersey.

6. Plaintiff, Dean Textor is a citizen of the United States residing in Howell, New Jersey.

7. Plaintiff, Mike Textor is a citizen of the United States residing in Neptune, New Jersey.

8. Plaintiff, Todd Verrecchia is a citizen of the United States residing in Howell, New Jersey.

9. Plaintiff, Vincent O'Rourke is a citizen of the United States residing in Point Pleasant, New Jersey.

10. Plaintiff, Walter Pomphrey is a citizen of the United States residing in Rumson, New Jersey.

11. Plaintiff, Serge Ridoux is a citizen of the United States residing in Sea Girt, New Jersey.

12. Plaintiff, Erik Ertle is a citizen of the United States residing in Manasquan, New Jersey.

13. Plaintiff, John Brockriede is a citizen of the United States residing in West Long Branch, New Jersey.

14. Plaintiff, William Connellan is a citizen of the United States residing in Wall, New Jersey.

15. Plaintiff, Frank Lancellotti is a citizen of the United States residing in Toms River, New Jersey.

16. Plaintiff, Stephen Rydinski is a citizen of the United States residing in Hazlet, New Jersey.

17. Plaintiff, Henry Pasquilini is a citizen of the United States residing in Beachwood, New Jersey.

18. Plaintiff, Mike Campana is a citizen of the United States residing in Brick, New Jersey.

19. Plaintiff, Eric Olsen is a citizen of the United States residing in Manasquan, New Jersey.

20. Plaintiff, Robert Brice is a citizen of the United States residing in Neptune, New Jersey.

21. Plaintiff, Todd Czech is a citizen of the United States residing in Jackson, New Jersey.

22. Plaintiff, Christopher Scerbo is a citizen of the United States residing in Freehold, New Jersey.

23. Plaintiff, Todd Kazanowski is a citizen of the United States residing in Toms River, New Jersey.

24. Plaintiff, Daniel Donlon is a citizen of the United States residing in Hazlet, New Jersey.

25. Plaintiff, Mike Tozer is a citizen of the United States residing in Toms River, New Jersey.

26. Plaintiff, Frank Greco is a citizen of the United States residing in Cream Ridge, New Jersey.

27. Plaintiff, Tom Dowd is a citizen of the United States residing in Toms River, New Jersey.

28. Plaintiff, Doug Borst is a citizen of the United States residing in Wall, New Jersey.

29. Plaintiff, Michael Steitz is a citizen of the United States residing in Sea Girt, New Jersey.

30. Plaintiff, Christopher Lisweski is a citizen of the United States residing in Bayville, New Jersey.

31. Plaintiff, Edward Lister is a citizen of the United States residing in Spring Lake Heights, New Jersey.

32. Plaintiff, Daniel Mason is a citizen of the United States residing in Brick, New Jersey.

33. Plaintiff, Elio Scarpa is a citizen of the United States residing in Toms River, New Jersey.

34. Plaintiff, Sean O'Halloran is a citizen of the United States residing in Wall, New Jersey.

35. Plaintiff, Paul Mabin is a citizen of the United States residing in Hamilton Square, New Jersey.

36. Plaintiff, Tom Lasko is a citizen of the United States residing in Mansquan, New Jersey.

37. Plaintiff, Brian Mansfield is a citizen of the United States residing in Neptune, New Jersey.

38. Plaintiff, Scott Fifield is a citizen of the United States residing in Pine Beach, New Jersey.

39. Plaintiff, Mike Malone is a citizen of the United States residing in Point Pleasant, New Jersey.

40. Plaintiff, Jason Lamb is a citizen of the United States residing in Point Pleasant, New Jersey.

41. Plaintiff, Emmett Idzahl is a citizen of the United States residing in Brick, New Jersey.

42. Plaintiff, Suresh Madhavan is a citizen of the United States residing in Wall, New Jersey.

43. Plaintiff, Steve Nash is a citizen of the United States residing in Manasquan, New Jersey.

44. Plaintiff, Ian Hatch is a citizen of the United States residing in Point Pleasant, New Jersey.

45. Plaintiff, Frank Kuhl is a citizen of the United States residing in Leonardo, New Jersey.

46. Plaintiff, Chris Gallagher is a citizen of the United States residing in Jackson, New Jersey.

47. Plaintiff, Justin Hudson is a citizen of the United States residing in Spring Lake Heights, New Jersey.

49. Plaintiff, Gregory R. Carpino is a citizen of the United States residing in Brick, New Jersey.

50. Plaintiff, Steve Des Marias is a citizen of the United States residing in Lenoka Harbor, New Jersey.

51. Plaintiff, James D. Milton is a citizen of the United States residing in Wall, New Jersey.

52. Plaintiff, Kevin R. Pressey is a citizen of the United States residing in Neptune, New Jersey.

53. Plaintiff, Nicholas Curcio is a citizen of the United States residing in Bricktown, New Jersey.

54. Plaintiff, Ryan Forrest is a citizen of the United States residing in Lakewood, New Jersey.

55. Plaintiff, Kelly Rogers is a citizen of the United States residing in Freehold, New Jersey.

56. Plaintiff, John Clayton is a citizen of the United States residing in Manasquan, New Jersey.

57. The Township of Wall is a body politic within the State of New Jersey and as such is responsible for funding, supervising and controlling of the Wall Township Police Department.

58. The Wall Township Police Department is a department within the Township of Wall and is charged with inter alia the protection of the people of Wall Township.

59. Francis Roy Hall, Chief of Police of Wall Township Police Department, he is sued individually and in his capacity as Chief of Police. As Chief of Police, he is responsible for establishing and promulgating the policy of the Wall Township Police Department.

## JURISDICTION

This action is brought pursuant to 42 U.S.C.A. Sections 1983 et seq. and the First, Fourth and Fourteenth Amendments to the United States Constitution, The Constitution of the State of New Jersey and various claims under New Jersey Law. Jurisdiction is founded on 28 U.S.C.A. Section 1331 and Sections 1343 and the supplemental jurisdiction of this Court to consider claims arising under State law.

## FACTS

1. On or about January 27, 2005, all patrol officers then on duty at the Wall Township Police Department were ordered from the Police Department building.

2. Immediately thereafter on that day, an unauthorized, unconsented to search of all of the individual lockers of patrol officers was conducted by supervising officers. Such was done with the express authorization and consent of the Chief of Police, Francis Hall. Such a search was without precedent within the Wall Township Police Department. Each of the above named plaintiffs did have their lockers searched. One plaintiff had his locker searched on a daily basis.

3. Sometime thereafter, defendant Hall did authorize the placement of a camera within the patrol locker room area. Said camera was surreptitiously placed and intended to record the happenings within the patrol locker room. The electrical cord from the device was concealed in the supervisor's locker room as well as the recording portion of the device which was concealed within the ceiling of the supervisor's locker room. Each of the above named plaintiffs did have lockers in the room and did utilize the room being exposed to the camera and its recording of them.

4. Plaintiffs, each and every one, had a reasonable expectation of privacy within the locker room and would walk about same in various stages of undress having to use the shower facilities contained therein.

5. The camera and recording device was installed by supervising officers at the express authorization and knowledge and/or consent of the Chief of Police.

6. The Chief of Police knew or should have known that such was a violation of Departmental Policy as well as a violation of the Constitutional Rights of those plaintiffs set forth herein. Notwithstanding same, defendant Hall did order the installation of said device for the express purpose of recording the actions of plaintiffs who reasonably believed that they would be free from such intrusive behavior.

7

7. Thereafter, various supervising officers at the direction of the Chief of Police did respond to the recording device and exchange tapes bringing same to the Chief of Police and other supervisors for their review. Other supervisory personnel did view the tapes which revealed all of plaintiffs in various stages of undress.

8. Sometime in mid February, the location of the camera was observed by a plaintiff. He immediately advised other members of the patrol unit including PBA President plaintiff, Stephen Powers. On February 16, 2005, plaintiff Powers authorized a letter to the defendant Hall objecting to the intrusive conduct and requesting the removal of the recording device(s) and that all tapes be secured.

9. Following the discovery of the camera and the act of its installment and use being common knowledge, a Wall Township Police Officer was approached in the employee parking lot by a supervising officer. At that time, the supervising officer referenced having seen the Police Officer unclothed on tapes and he made a lewd comment referencing same.

10. Thereafter, this supervising officer did state to another Wall Township Police Officer that he intended to take the tapes, revealing the Police Officer referenced above to his home for his friends to watch.

11. Following the taping incident, plaintiff Powers and other members of the PBA took great exception to the improper conduct initiated by the Chief of Police and voiced concerns and objections.

## CAUSE OF ACTION

1. Plaintiffs repeat all allegations set forth above as if set forth herein.

2. Defendant Hall's actions in authorizing the searches of plaintiff's lockers and the surreptitious placing of a video camera in the patrol locker room violated the privacy of all plaintiffs as provided by the First, Fourth and Fourteenth Amendments to the United States

Constitution, the corresponding Amendments to the Constitution of the State of New Jersey as well as the common law of the State of New Jersey.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for:

A. Compensatory damages;
B. Punitive Damages;
C. Attorney fees and litigation; costs pursuant to 42 U.S.C. Section 1983 et seq.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of the within Complaint.

_____
ROBERT B. WOODRUFF

Dated: July 29, 2005